IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACI MILLER,<br><br>            Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>            Defendant. | **8:21CV447**<br><br>**ORDER** |

      On March 14, 2018, plaintiff Traci Miller ("Miller") filed suit in this Court challenging the denial of her request for disability benefits (Filing No. 1 in Case No. 18CV120). Upon the defendant's motion, that matter was remanded (Filing No. 21 in Case No. 18CV120). Later, pursuant to the Equal Access to Justice Act ("EAJA"), *see* 28 U.S.C. § 2412(d), the Court awarded Miller attorney fees in the amount of $2,136.52 and costs of $400 (Filing No. 25 in Case No. 18CV120).

      On November 23, 2021, Miller initiated this action (Filing No. 1) against then-Acting Commissioner of Social Security Kilolo Kijakazi,[1] again challenging the denial of her request for disability benefits. The Commissioner later filed an Unopposed Motion to Reverse and Remand pursuant to Sentence Four of 42 U.S.C. § 405(g) (Filing No. 13), asking the Court to enter judgment (1) reversing the Commissioner's final decision in Miller's administrative case and (2) remand the matter to her "the opportunity for a new hearing" and decision (Filing No. 14). On May 5, 2022, the Court granted that motion (Filing No. 15) and entered judgment in favor of Miller (Filing No. 16).

---

      [1]On December 20, 2023, Martin O'Malley became the Commissioner of Social Security (the "Commissioner"). The Court has substituted him as the defendant in this matter at his request. *See* Fed. R. Civ. P. 25(d).

On August 4, 2022, Miller moved for EAJA fees based on the Court's reversal and remand of the matter (Filing No. 17). The Court awarded her $3,347.82 in attorney fees and $402 in costs to be paid by the Social Security Administration (Filing No. 19). According to Miller, neither of her EAJA awards were subject to offsets. *See Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010) (explaining that EAJA attorney fees are subject "to a federal administrative offset if the litigant has outstanding federal debts").

Following further administrative proceedings, Miller was finally awarded benefits. Now before the Court is Miller's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Filing No. 26). In support of her motion, Miller has submitted (1) an Attorney Fee Contract (Filing No. 26-1) between her and attorneys Tim Cuddigan ("Cuddigan") and Wes Kappelman ("Kappelman"), (2) a Notice of Award (Filing No. 26-2) from the Social Security Administration, and (3) an itemization of the time her attorneys spent on her case (Filing No. 26-3).

Miller seeks payment of attorney fees of $17,466.84 under § 406(b)(1)(A), which represents 25% of Miller's total past-due benefits ($22,693.50), less $5,226.66 Cuddigan is reportedly seeking under § 406(a). The provided time records indicate her counsel expended 25.2 hours on this matter between 2018 and 2022, which would yield a hypothetical hourly rate of $693.13 per hour. Miller maintains this is a reasonable fee under *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002), given the success of their representation, the risk of counsel not getting paid in contingency cases, and "extensive experience in this area" between Cuddigan and Kappelman.

Fees awarded by the Court under § 406(b) may be paid directly to counsel. *See Astrue*, 560 U.S. at 594-95 (citing 42 U.S.C. § 406(b)(1)(A)); 20 C.F.R. § 404.1720(b)(4). Miller's counsel requests that payment be sent to Cuddigan for distribution. Counsel states that Cuddigan will reimburse to Miller the two EAJA awards and then disburse Kappelman's share of the § 406(b) award.

The Commissioner "neither supports nor opposes" the request for an award under § 406(b) but reminds the Court of its duty to consider whether the amount requested is "reasonable under the law."

The Court has carefully conducted the requisite review and finds the requested fee award is fair and reasonable for the services rendered in a case with such a long and winding road. In short, the Court finds the "character of the representation," the results achieved, and the risk of nonrecovery all support the requested fee award. *Gisbrecht*, 535 U.S. at 807-08. Accordingly,

IT IS ORDERED:
1. Plaintiff Traci Miller's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Filing No. 26) is granted.
2. Miller is awarded attorney fees in the amount of $17,466.84.
3. The Social Security Administration shall send payment in that amount from Miller's past-due benefits to attorney Timothy Cuddigan at his address of record.
4. Cuddigan shall then refund to Miller the $5,484.34 in EAJA fee awards and disburse to attorney Wes Kappelman his portion of the § 406(b) award.
5. A separate judgment will issue.

Dated this 8th day of March 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge